UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES JULIAN,

    Plaintiff,

v.

CLEARLINK INSURANCE AGENCY, LLC

    Defendant.

Case No. 24-2293-KHV-RES

## MEMORANDUM ORDER

This matter is before the Court on two motions. Plaintiff first filed a Motion for Leave to File a Second Amended Complaint. ECF No. 21. Defendant filed a Response, and Plaintiff filed a Reply to this Motion. ECF Nos. 26, 31. Plaintiff then filed a Consent Motion for Leave to Amend Complaint, ECF No. 34.

For the reasons explained below, both Motions are granted.

### I.    BACKGROUND

On July 8, 2024, Plaintiff filed the initial Complaint. ECF No. 1. Highly summarized, this action involves claims for alleged violations of the federal Telephone Consumer Protection Act ("TCPA"). Specifically, Plaintiff alleges that Defendant violated the TCPA by authorizing and directing "telemarketing calls" from "September 22, 2023 to June 5, 2024." *Id.* at 1-2. Plaintiff brought two separate TCPA claims against Defendant. ECF No. 1 at 8-9.

On July 30, 2024, Defendant filed an Unopposed Motion for Extension of Time to Answer or Otherwise Plead. ECF No. 6. On July 31, 2024, the Court granted Defendant's Motion and extended the deadline for Defendant to answer or otherwise respond to Plaintiff's complaint to September 3, 2024. ECF No. 7.

The next day, on August 1, 2024, Plaintiff filed his First Amended Complaint before Defendant had filed an Answer or responsive pleading. ECF No. 8. Plaintiff's First Amended Complaint asserted the same two TCPA claims with new allegations concerning Defendant's vicarious liability and ratification of third-party conduct. *See generally* ECF No. 8 at 8-10.

Defendant again filed an Unopposed Motion to Extend Time to Respond to Plaintiff's First Amended Complaint, which the Court granted to extend the deadline to September 24, 2024. ECF Nos. 10-11. Defendant then filed an Answer to Plaintiff's First Amended Complaint on September 24, 2024. ECF No. 12.

On October 16, 2024, the Court held a Scheduling Conference with the parties to discuss the case and set various deadlines. ECF No. 17. As the Scheduling Order reflects, the Court set November 8, 2024, as the deadline for either party to file a motion to amend the pleadings, ECF No. 18 at 2, 7, which was the deadline jointly proposed by both parties in their proposed scheduling order.

On November 7, 2024, one day before the deadline to file any motions to amend, Plaintiff filed a Motion for Leave to File Second Amended Complaint (the "Motion"). ECF No. 21. In this Motion, Plaintiff seeks to amend his First Amended Complaint to add class action TCPA claims against Defendant. *Id.* at 1.

On November 15, 2024, Defendant filed a Response in opposition to Plaintiff's Motion. ECF No. 26. Defendant argues that the Court should deny Plaintiff leave to amend based on undue delay and because Plaintiff filed the Motion "in bad faith." *See id.* at 3-6 (identifying delay and bad faith as reasons to deny Plaintiff's Motion). Defendant asserts that "Plaintiff could have included the class allegations" in his initial Complaint or his First Amended Complaint. *Id.* at 5. Because Plaintiff did not assert a class claim earlier, Defendant asks the Court to deny Plaintiff's

Motion based on "undue delay." *Id.* at 4-6. Defendant also labels Plaintiff's Motion as "a bad faith tactic" allegedly intended to "punish [Defendant] for refusing to settle." *Id.* at 5.

Plaintiff filed his Reply on November 20, 2024. ECF No. 31. Plaintiff urges the Court to ignore the information about settlement negotiations that Defendant provided throughout its Response. *Id.* at 2-3. Plaintiff then addresses Defendant's arguments about undue delay and bad faith. *Id.* at 3-4. Plaintiff notes that his Motion for leave was filed before the deadline to amend pleadings, and Plaintiff explains why the addition of new counsel brought experience with class claims that was unavailable earlier in the case. *Id.* at 3. Regarding bad faith, Plaintiff asserts that a failure to settle a case is insufficient to qualify as a "bad faith" motive for seeking to amend a pleading. *Id.* at 4.

On November 25, 2024, Plaintiff filed a Consent Motion for Leave to Amend Complaint to Identify "John Doe" Telemarketing Companies. ECF No. 34. Plaintiff's Consent Motion seeks "leave to amend his complaint to add EDM and Boss Leads as defendants[.]" *Id.* at 1. While the Consent Motion references that Defendant "maintains its opposition to Plaintiff's request to add class action allegations," Defendant "consents to the relief requested in this motion (the addition of EDM and Boss Leads as additional defendants)[.]" *Id.* at 1. Filed as Exhibit 1 to the Consent Motion is Plaintiff's proposed Third Amended Complaint, which includes both the new class action claims and the addition of these two new defendants. ECF No. 34-1.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 further instructs that courts should "freely

give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations and citation omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted." *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)). District courts have "broad discretion" in permitting a party to amend its "pleadings at any time by leave of the court." *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007).

Defendant objects to the amendment based on undue delay and bad faith. *See* ECF No. 26 at 2-5.[1] In this Circuit, motions to amend that are denied on the basis of undue delay typically involve attempts to add new parties or claims right before trial or long after an amendment deadline

---

[1] Defendant does not specifically contend that it would be unduly prejudiced if the Court allowed the amendment. The Tenth Circuit has stated that the "most important[ ] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party. 'Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.'" *Minter*, 451 F.3d at 1207-08 (citation omitted). Here, Defendant does not allege prejudice, much less undue prejudice. The Court does not find any undue prejudice in allowing the amendment at this early stage of the litigation, which weighs in favor of allowing the amendment. *See Jain v. Randel Solutions*, LLC, No. 21-CV-2126-EFM-GEB, 2021 WL 3206334, at *4 (D. Kan. July 29, 2021) ("Generally, the courts find that amendments during the early stages of litigation do not cause undue delay or prejudice.").

has passed. *See, e.g., Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) ("We cannot say that the district court abused its discretion in denying this motion [to amend] because it was not made until approximately seven years after the … action was commenced"); *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Plaintiffs' motion [to add a new party] was untimely in that it was filed four months after the court's deadline for amending pleadings.").

Concerning bad faith, Defendant does not define what constitutes bad faith under Rule 15. *See generally* ECF No. 26. In this District, bad faith has been defined "as 'dishonesty of belief, purpose or motive.'"[2] The "'movant's bad faith must be apparent from evidence of record[.]'" *Kramer*, 2022 WL 218750, at *5 (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989)). The burden to establish bad faith rests with the party opposing the motion to amend. *See Schmitendorf v. Juicy's Vapor Lounge Inc.*, No. 2:22-CV-02293-TC-GEB, 2023 WL 6313199, at *3 (D. Kan. Sept. 27, 2023) (citing *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *2 (D. Kan. July 3, 2012)), *report and recommendation adopted as modified*, No. 22-CV-02293-TC-GEB, 2024 WL 959587 (D. Kan. Mar. 6, 2024).

B.   **Plaintiff's Motion for Leave, ECF No. 21**

Defendant opposes Plaintiff's Motion for Leave on two grounds, undue delay and bad faith. *See* ECF No. 26 at 2-5. For the reasons discussed below, the Court concludes that Plaintiff's Motion for Leave to Amend should be granted.

---

[2] *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *5 (D. Kan. Jan. 25, 2022) (quoting Black's Law Dictionary (11th ed. 2019)); *accord Grant Twp. v. Bd. of Cnty. Commissioners of Cnty. of Douglas Cnty., Kan.*, No. 24-2306-JAR-RES, 2024 WL 3898574, at *3 (D. Kan. Aug. 22, 2024) (referencing same definition of "bad faith" in granting a motion for leave to amend); *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (citing to a similar definition from Black's Law Dictionary and stating "[w]e cannot provide a comprehensive definition of a term like bad faith; in truth, it is a difficult term to define without retreating to circular reasoning or just listing examples.").

### 1. Undue Delay

Defendant argues the Court should deny Plaintiff's Motion because of his "undue delay" and his "unexplained delay." ECF No. 26 at 4-5. Defendant asserts that "Plaintiff doesn't even try to explain why he waited," and states that "Plaintiff needs to offer some reason for his delay." *Id.* at 5 (italics omitted). Defendant asserts that Plaintiff could have included class claims in earlier pleadings, and the failure to assert the claims earlier constitutes undue delay. *Id.* at 4-6.

Plaintiff argues that no "undue delay" exists when a party seeks leave to amend before or by a deadline set by the Court to amend pleadings. ECF No. 31 at 3 (citing *Quazilbash v. Wells Fargo & Co.*, No. 09-CV-0652-CVE-FHM, 2010 WL 2868189, at *2 (N.D. Okla. July 16, 2010)). Plaintiff notes that all the cases cited by Defendant involve nearly a year or more between an initial filing and the denial of a motion to amend. *See* ECF No. 31 at 3 (analyzing Defendant's cited cases and calculating the time between the filing of the initial complaint and the motion to amend). Additionally, Plaintiff explains that the amendment is timely because of the recent inclusion of new counsel with class action experience, who were not involved with the case initially. *Id.*

The Court is not persuaded by Defendant's view that undue delay exists simply because Plaintiff might have been able to include class claims in earlier pleadings. "Delay alone is not enough to deny a motion to amend." *Wheeler*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Minter*, 451 F.3d at 1205). Delay must be "undue," and Defendant does not cite any case where a court has denied a motion to amend filed before the deadline in a scheduling order, within just four months of the initial case filing and, as reflected on the docket, before any meaningful discovery has occurred.

While Defendant cites several cases denying motions to amend on the basis of undue delay, those cases involve distinguishable circumstances. For example, Defendant cites to *Federal*

6

*Insurance Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987), which involved the denial of a motion to amend because of undue delay where a Defendant waited until "four years after the complaint was served" to add a new defense. ECF No. 26 at 4. Four years is distinguishable from four months—especially when a motion to amend is filed before the scheduling order deadline to amend.³ Defendant also cites to a 1999 case from the Northern District of Illinois that denied a motion to amend counterclaims to add new class action claims. *See In re Ameritech Corp.*, 188 F.R.D. 280, 281 (N.D. Ill. 1999). That court found undue delay for good and wholly distinguishable reasons: "Defendant did not attempt to add class allegations prior to the close of discovery. . . . Defendant waited until after the close of discovery, plus an additional three months to file its proposed second amended counterclaim." *Id.* at 284. There are no similar allegations here.

While Plaintiff's Motion may have been delayed, because of the unique procedural posture of this case, the Court does not find that it is unduly delayed, requiring the denial of Plaintiff's Motion for Leave.

### 2. Bad Faith

Defendant alleges that Plaintiff's requested amendment is in bad faith because it seeks to include class action claims to pressure Defendant into settlement. ECF No. 26 at *3 ("[w]ith his extortionate demands rejected, Plaintiff now seeks leave to amend his complaint to make it a class

---

³ Defendant also cites to *Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049, at *6 (D. Kan. Apr. 28, 2020). That case, however, involved a delay of "more than 14 months," where the Court had already ruled on eleven motions to dismiss before the Plaintiff sought leave to amend. *See id.* at *5 ("Plaintiffs do not explain why they postponed discussing their case with their children until after the case had been pending for more than a year and the court already had ruled 11 motions.").

action"). In support of this argument, Defendant unnecessarily publicly discloses in detail the substance of the parties' settlement negotiations.

Even assuming such a motive were true, this does not rise to the level of "bad faith" requiring the denial of a timely motion for leave to amend. *See Perez v. Pavlich, Inc.*, No. 07-CV-2576-CM-GLR, 2009 WL 10709090, at *3 (D. Kan. Mar. 12, 2009) (granting motion to amend and finding no bad faith where Defendant claimed that "the proposed addition of [new] claims is 'nothing more than an effort to attempt to coerce Defendants into settlement.'").

Defendant cites a 1988 case from North Carolina, *GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379 (M.D.N.C. 1988), in arguing that bad faith exists when a motion to amend is a "transparent effort" to punish a defendant for failing to settle. ECF No. 26 at 4. In *GSS Properties, Inc.*, there were allegations that plaintiff's counsel withheld evidence before settlement discussions and "mentioned the possibility of amending the complaint" "[w]hen it became apparent that settlement would not be achieved at that time." *Id.* at 380-81. As Plaintiff explains in his Reply, there is "no evidence or serious allegation here that Plaintiff withheld" anything from Defendant that would rise to the level of bad faith required to deny Plaintiff's Motion. ECF No. 31 at 4.

Defendant also argues that bad faith exists because Plaintiff "has no serious intent to pursue a class action. Neither he nor his attorneys have ever moved to certify a class." ECF No. 26 at 4. Not surprisingly, Defendant does not cite any authority where a court has denied a motion to amend to add class allegations because the individual plaintiff lacks class action experience. As for the class action experience by Plaintiff's counsel, Plaintiff addressed this concern by noting that "[t]he timing of Plaintiff's motion to amend was due to his retention of additional counsel" with such experience. ECF No. 31 at 2.

While Defendant argues that it may have defenses to these class action claims, ECF No. 26 at 6, Defendant never argues that the class claims are futile—indeed the word futile does not appear in Defendant's response. ECF No. 26 at 6 (arguing that some of its possible defenses "often" preclude certification). Instead, Defendant cites to cases in which class certification has been denied after class certification briefing, not at the motion to amend stage. *Id.* In the absence of a futility argument, the merits of the class claim will be addressed later in the case.

For these reasons, the Court concludes that Defendant has not met its burden to establish Plaintiff's bad faith. The timing of this requested amendment, even after failed settlement discussions, does not equate to bad faith. *See, e.g., Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2010 WL 7762621, at *5 (D. Kan. Sept. 1, 2010) ("The Court agrees that plaintiffs have not shown that they recently learned facts that could not have been alleged in previous complaints, but it does not agree that such failure demonstrates bad faith by plaintiffs.").

### C. Plaintiff's Consent Motion for Leave to Amend Complaint, ECF No. 34

Plaintiff's Consent Motion "seeks leave to amend his complaint to add EDM and Boss Leads as defendants[.]" ECF No. 34 at 1. While Defendant opposes Plaintiff's request to add class claims, Defendant consents to Plaintiff's request to add these two new Defendants. *Id.* at 1-2. Given that Rule 15(a)(2) allows Plaintiff to amend with Defendant's written consent, the Court grants the Consent Motion as unopposed.

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 21, is **GRANTED**. Plaintiff's Consent Motion for Leave to Amend Complaint, ECF No. 34, is also **GRANTED**.

On or before **December 3, 2024**, Plaintiff shall file ECF No. 34-1 as a separate docket entry in this case, **with one required change**.  For the clarity of the docket, ECF No. 34-1 shall be retitled as the Second Amended Complaint, rather than the Third Amended Complaint.

**IT IS SO ORDERED**.

Dated November 26, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge
