IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES JULIAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 24-2293-KHV |
| | ) | |
| CLEARLINK INSURANCE | ) | |
| AGENCY, LLC, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 12, 2025, the Clerk entered default against EDM Leads, LLC. This matter is before the Court on Plaintiff's Motion For Default Judgment As To Defendant EDM Leads, LLC (Doc. #101) filed August 25, 2025. For reasons stated below, the Court sustains plaintiff's motion.

Following an entry of default by the clerk, the moving party may apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment must not differ in kind from, or exceed in amount, what plaintiff demanded in the pleadings. Fed. R. Civ. P. 54(c).

The Court may enter default judgment without a hearing unless it is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter. See Fed. R. Civ. P. 55(b)(2); see also Hunt v. Inter–Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (where claimed damages are capable of mathematical calculation, court may enter default judgment without hearing). Here, plaintiff has provided an affidavit and supporting documents which set forth his damages to a mathematical certainty based on the number of calls which he received from EDM Leads or its agents. The Court therefore need not hold a hearing.

On November 27, 2024, plaintiff filed his second amended complaint which seeks money

damages for defendants' violations of the Telephone Consumer Protection Act ("TCPA"), which provides a minimum recovery of $500 per violation, and up to $1,500 for each willful violation. See Plaintiff's Second Amended Complaint – Class Action (Doc. #38). Plaintiff alleges that Clearlink Insurance Agency hired EDM Leads to solicit consumers by telephone. See id., ¶ 16. On October 31, 2023, plaintiff notified Clearlink that the calls to him violated the TCPA. See id., ¶ 41. On April 28, 2025, plaintiff served a copy of the second amended complaint on EDM Leads. Summons Returned Executed (Doc. #68). EDM Leads did not appear or defend, and the Clerk entered default against it on June 12, 2025. Clerk's Entry Of Default (Doc. #82).

By affidavit, plaintiff states that he received at least 219 unsolicited telephone calls from EDM Leads or its agents, and he has set forth a call log with the date of each call. Affidavit Of James Julian (Doc. #101-1), ¶ 6. Plaintiff seeks $500 for each call from EDM Leads before he notified Clearlink that the calls violated the TCPA. For each call from EDM Leads after October 31, 2023, plaintiff seeks $1,500 for willful violation of the TCPA. Because the complaint alleges willful violations and gives notice that plaintiff seeks the statutory maximum of $1,500 for each call that violated the TCPA, he is entitled to default judgment against EDM Leads for $309,500.00, i.e. 19 calls times $500 and 200 calls times $1,500.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Default Judgment As To Defendant EDM Leads, LLC (Doc. #101) filed August 25, 2025 is **SUSTAINED**.

**IT IS FURTHER ORDERED that the Clerk shall enter Default Judgment against EDM Leads, LLC pursuant to Rule 55(b), Fed. R. Civ. P., in the amount of $309,500.00.**

Dated this 24th day of September, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge